**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

SAMUEL M. BARBAKOFF,

    Plaintiff,

vs.                                                    Case No.:

SUN LIFE ASSURANCE COMPANY OF

CANADA,

    Defendant.

## COMPLAINT

COMES NOW the Plaintiff, SAMUEL M. BARBAKOFF, by and through the undersigned attorney, and files this Complaint stating a cause of action against Defendant, SUN LIFE ASSURANCE COMPANY OF CANADA, and alleges as follows:

1. This is an action for recovery of benefits under an employee welfare benefit plan brought pursuant to 29 U.S.C. §1132(a)(1)(b)(ERISA).

2. Plaintiff, SAMUEL BARBAKOFF, is an adult resident citizen of Broward County, Florida.

3. Defendant, SUN LIFE ASSURANCE COMPANY OF CANADA (hereinafter "SUN LIFE"), is a foreign corporation authorized to engage and engaging in business within the State of Florida.

4. This Court maintains subject matter jurisdiction over this action pursuant to 29 U.S.C. § 1132(e) and 28 U.S.C. § 1331.

5. Effective on or about February 1, 2013, Plaintiff or his employer, FLS Connect, LLC., purchased a contract of salary continuance insurance including long-term disability benefits and life insurance waiver of premium benefits (hereinafter the "Plan").

6. At all times material to this Complaint, the Plan was in full force and effect and Plaintiff was a Plan participant.

Case 0:17-cv-60417-BB   Document 1   Entered on FLSD Docket 02/27/2017   Page 2 of 5

7. Defendant, SUN LIFE, is in possession of all master Plan documents.

8. Defendant is a third party plan administrator or claims fiduciary given discretion to interpret Plan provisions and is a Plan fiduciary, or alternatively, is a plan fiduciary without discretion to interpret Plan provisions.

## COUNT I – BREACH OF CONTRACT – LONG TERM DISABILITY

9. Plaintiff realleges the allegations in Paragraphs one (1) through eight (8) of this Complaint and incorporates them herein.

10. On or about March 18, 2014, Plaintiff became totally disabled from his past employment as defined by the Plan, due to low back pain with sciatica, muscle spasms, neuropathy, depression, anxiety, joint pain, and other exertional and non-exertional impairments.

11. Plaintiff made a timely application for Long Term Disability ("LTD") benefits under the Plan.

12. Plaintiff's application for benefits was approved by Defendant or its agents and Plaintiff received monthly LTD benefits from SUN LIFE, starting on June 16, 2014.

13. On or about June 13, 2016, Defendant denied Plaintiff's claim for ongoing LTD benefits beyond June 15, 2016.

14. Plaintiff appealed said termination of LTD benefits on October 20, 2016.

15. On or about December 5, 2016, Defendant notified Plaintiff that his Life Waiver of Premium appeal was still being reviewed and a 45 day extension was necessary; giving SUN LIFE the benefit of the doubt, it is possible that this extension related to Plaintiff's separate LTD claim as well.

16. By January 19, 2017, no decision or notification that an additional extension is necessary was communicated to Plaintiff or his counsel.

17. To date, SUN LIFE has not provided any final determination on Plaintiff's long term disability appeal, or any written notification that an additional extension is necessary due to matters beyond the control of the plan.

PLAINTIFF'S COMPLAINT, Page 2

18. The ERISA claims regulations state that in the event a Plan fails to comply with those regulations, the claimant is deemed to have exhausted all administrative remedies, and is entitled to immediately seek enforcement of his rights in court under ERISA § 502.

19. Plaintiff has therefore exhausted all available administrative remedies afforded by the LTD Plan and has otherwise complied with all conditions precedent to this action.

20. In the event that a claim is "deemed exhausted," rather than actually decided by an administrator, there is no decision to which the court can grant deference, and no exercise of discretion by the administrator. The standard of review in such cases, therefore, is *de novo*, despite any language in the plan documents purporting to grant discretion to the administrator. *See* Gilbertson v. Allied Signal, Inc., 328 F.3d 625, 631 (10th Cir.2003) ( "We hold that when substantial violations of [the] ERISA deadlines result in the claim's being automatically deemed denied on review, the district court must review the denial *de novo*, even if the plan administrator has discretionary authority to decide claims."); *see also* Jebian v. Hewlett–Packard Co. Employee Benefits Org. Income Prot. Plan, 349 F.3d 1098, 1107 (9th Cir.2003) (agreeing that consequential violations of the ERISA would entitle the plaintiff to *de novo* review); McDowell v. Standard Ins. Co., 555 F.Supp.2d 1361, 1373 (N.D.Ga. 2008) (agreeing with Gilbertson).

21. Plaintiff continues to suffer from low back pain with sciatica, muscle spasms, neuropathy, depression, anxiety, joint pain, and other exertional and non-exertional impairments, which render him disabled as defined by the Plan.

22. Each of the Defendant's denials of Plaintiff's claims for LTD benefits was arbitrary and capricious, constituted abuse of Defendant's discretion under the Plan, and derogated Plaintiff's right to disability benefits under the terms of the Plan.

**COUNT II – BREACH OF CONTRACT – LIFE WAIVER OF PREMIUM**

23. Plaintiff realleges the allegations in Paragraphs one (1) through eight (8) of this Complaint and incorporates them herein.

24. On or about March 18, 2014, Plaintiff became totally disabled from his past employment as defined by the Plan, due to low back pain with sciatica, muscle spasms, neuropathy, depression, anxiety, joint pain, and other exertional and non-exertional impairments.

25. The Plan has the following life insurance waiver of premium (WOP) provision:

> ***Waiver of Premium Provision***
>
> *Total Disabilities that begin before age 60*
>
> *If Sun Life receives Notice and Proof of Claim that an Employee becomes Totally Disabled:*
>
> - *while insured; and*
> - *before his 60th birthday; and*
> - *before his retirement;*
>
> *the amount of Life Insurance will continue for that Employee from the date of Total Disability without further payment of premiums."*

26. Plaintiff made a timely application for WOP benefits under the Plan.

27. Plaintiff's application for WOP benefits was approved by Defendant or its agents and Plaintiff received a waiver of premiums for life insurance, starting on or about March 18, 2014.

28. On or about June 28, 2016, Defendant denied Plaintiff's claim for ongoing disability benefits beyond June 27, 2016.

29. Plaintiff appealed said termination of WOP benefits on October 20, 2016.

30. On or about December 5, 2016, Defendant notified Plaintiff that his WOP appeal was still being reviewed and a 45 day extension was necessary.

31. On or about January 19, 2017, Defendant upheld its previous decision and continued to deny WOP benefits.

32. Plaintiff continues to suffer from low back pain with sciatica, muscle spasms, neuropathy, depression, anxiety, joint pain, and other exertional and non-exertional impairments, which render him disabled as defined by the Plan and therefore eligible for WOP life insurance benefits.

33. Plaintiff has exhausted all available administrative remedies afforded by the Plan and has otherwise complied with all conditions precedent to this action.

34. Each of the Defendant's denials of Plaintiff's claims for WOP benefits was arbitrary and capricious, constituted abuse of Defendant's discretion under the Plan, and derogated Plaintiff's right to disability benefits under the terms of the Plan.

WHEREFORE, Plaintiff prays for a judgment against the Defendant for all Plan benefits owing at the time of said judgment, pre-judgment interest, attorney's fees, costs of this action, and all other relief deemed just and proper by the Court.

Dated: February 27, 2017

*/s/ Nick A. Ortiz*
Nick A. Ortiz
Florida Bar No. 12699
Ortiz Law Firm
823 E Jackson St
Pensacola, FL 32501
(850) 308-7833(P)
(850) 208-3613 (F)
nick@nickortizlaw.com